IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PRESTON TAYLOR TIMMONS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 21-1243-JWB-KGG |
| UPS and JIM HAUSSERMAN, | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER ON**
**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Preston Taylor Timmons has also filed a Motion to Proceed without Prepayment of Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1, sealed). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3).

**Motion to Proceed IFP**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***,

1

No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 26 and single with no dependents.  (Doc. 3, sealed, at 1-2.)  Plaintiff is currently unemployed with Defendant UPS indicated as his prior employer.  (*Id*., at 2-3.)  His lists unemployment benefits and Social Security benefits as his only income.  (*Id.*, at 4-5.)  He does not own real property or an automobile.  (*Id*., at 3-4.)  He lists a no cash on hand.  (*Id*., at 4.)  He lists typical monthly expenses including rent,

groceries, utilities, and automobile insurance as well as small other debts. (*Id.*, at 5.) Plaintiff has not filed for bankruptcy. (*Id.*, at 6.)

The Court finds that, based on the information provided, Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 14th day of October, 2021.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
