IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PRESTON TAYLOR TIMMONS,

          Plaintiff,

v.                                                    Case No.  21-1243-JWB

UNITED PARCEL SERVICE and
JIM HAUSSERMAN,

          Defendants.

### MEMORANDUM AND ORDER

This matter is before the court on Defendants' motion to dismiss.  (Doc. 11.)  The motion has been fully briefed and is ripe for decision.  (Docs. 12, 14, 15, 18.)  For the reasons provided herein, Defendant's motion is GRANTED.

### I.      Facts

Plaintiff, who is proceeding pro se in this matter, alleges that United Parcel Service ("UPS") and Defendant Jim Hausserman, Plaintiff's former employer and supervisor, violated his rights under the Americans with Disabilities Act ("ADA") and Title VII of the 1964 Civil Rights Act.  (Doc. 1 at 1.)  Plaintiff alleges that he was terminated after being absent for doctor's appointments.  Plaintiff has also attached medical records to his complaint indicating that he was excused from work on certain dates due to his medical condition.  (Doc. 1-1.)[1]

Included in the complaint are allegations that Plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC).  (Doc. 1 at 2.)  Although there is a line on the form complaint that asks Plaintiff to identify the date that the EEOC complaint was filed,

---

[1] Plaintiff also filed a supplement to his complaint with additional medical records.  (Doc. 7.)

Plaintiff has left this line blank.  Plaintiff also has indicated on his complaint that he has not received a Notice of Right-to-Sue letter from the EEOC.  (*Id.*)

Defendants' motion to dismiss argues that Plaintiff has failed to exhaust administrative remedies as to his claims.  Alternatively, Defendants argue that Plaintiff's allegations are insufficient to state a claim.  In response, Plaintiff asserts that Defendant Hausserman was the individual who fired him and that Hausserman discriminated against him in violation of the ADA due to his asthma.  (Doc. 14.)  Plaintiff has also filed a supplement in which he attaches a notification that he was denied employment with UPS due to his status as a previous employee. (Doc. 18.)[2]

## II.    Standard

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings.  *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

---

[2] Defendants have moved to strike this supplement (and Plaintiff's motion to increase his monetary demand (Doc. 17)) on the basis that it is untimely and futile.  (Doc. 19.)  The supplement does not provide any additional support for Plaintiff's claims as Plaintiff has already alleged that he was a previous employee of UPS.  Moreover, because the court has determined that Defendants' motion to dismiss should be granted, the motion is denied as moot.

### III.     Analysis

#### A.     Exhaustion

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of (among other things) the person's sex, color, or national origin. 42 U.S.C. § 2000e-2(a)(1). Before an employee may bring suit on such a claim, the employee must exhaust administrative remedies by filing a timely charge with the EEOC identifying the parties and describing the practices complained of. *Jones v. Needham,* 856 F.3d 1284, 1289 (10th Cir. 2017).  The ADA similarly requires exhaustion of administrative remedies. *Jones v. UPS, Inc.,* 502 F. 3d 1176, 1183 (2007).  The EEOC is required to give the aggrieved person notice of the disposition of the charge within 180 days of the filing of the charge, and "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge…." 42 U.S.C. §2000e-5(f)(1).   Therefore, Plaintiff must clear the following three procedural hurdles in order to have exhausted his claim: "(1) file a discrimination charge with the EEOC, (2) receive a right-to-sue letter from the EEOC, and (3) file suit within ninety days of receiving the letter." *Kinney v. Blue Dot Servs. of Kan*., 505 F. App'x. 812, 814 (10th Cir. 2012).

Although courts previously viewed a failure to exhaust as a jurisdictional bar, both Supreme Court and Tenth Circuit precedent now hold that it is not a jurisdictional prerequisite to suit. *Abouelenein v. Ks. City Comm. College,* No. 18-26720-DDC, 2020 WL 1528500, at *7 (D. Kan. Mar. 31, 2020) (citing *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019) and *Lincoln v. BNSF Ry. Co*., 900 F.3d 1166, 1185 (10th Cir. 2018)).  A failure to exhaust remedies is an affirmative defense that may be raised under Rule 12(b)(6). *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018).  In deciding a Rule 12(b)(6) motion, the court ordinarily considers only the allegations of the complaint, although the court may also consider documents

attached to the complaint or documents referred to in the complaint if they are central to the plaintiff's claims and the parties do not dispute their authenticity. *Smallen v. The W. Union Co.,* 950 F.3d 1297, 1305 (10th Cir. 2020).

Here, according to the allegations in Plaintiff's complaint, Plaintiff filed a discrimination charge on an unknown date but has yet to receive a right-to-sue letter. (Doc. 1 at 2.) Therefore, Plaintiff has not exhausted his administrative remedies because he has not received his right-to-sue letter from the EEOC. When confronted with a motion to dismiss asserting that his claim has not yet been exhausted, Plaintiff wholly failed to respond to this argument. Therefore, the court is left only with Plaintiff's allegations that clearly show he has not exhausted his administrative remedies.

Therefore, Plaintiff's claims under the ADA and Title VII are subject to dismissal for failing to exhaust his administrative remedies. Plaintiff may refile his claims within 90 days of receiving his right-to-sue letter from the EEOC.

### B.     FMLA

Liberally construing his complaint, Plaintiff may also be asserting a claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615. The complaint states "FMLA Disability discrimination" in a section which asks Plaintiff to describe his claims. (Doc. 1 at 3.) Plaintiff has not added any further information in this section. It is unclear whether Plaintiff intended to assert a claim under the FMLA or the statute was referenced in support of his ADA claim. Liberally construing his complaint, the court will assume that he intended to raise a claim under the FMLA.

Unlike the ADA and Title VII, the FMLA does not have an exhaustion requirement. The FMLA provides that eligible employees of covered employers may have up to twelve weeks of unpaid leave for serious health conditions and be reinstated to a former position or an equivalent

one upon return from leave.  29 U.S.C. §§ 2612(a)(1), 2614(a). Under the FMLA, an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." *Id.* § 2615(a)(1). To prevail on a claim based on an interference or entitlement theory, Plaintiff must demonstrate: "(1) that he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights." *Jones v. Denver Public Schools*, 427 F.3d 1315, 1319 (10th Cir. 2005).

Here, Defendants argue that Plaintiff has failed to allege that he was entitled to leave under the FMLA.  Plaintiff's complaint is devoid of any allegations regarding whether Plaintiff was an "eligible employee" pursuant to 29 U.S.C. § 2611(2).  Only "eligible employees" are entitled to leave under the FMLA. 29 U.S.C. § 2612.  Section 2611(2)(A) defines "eligible employee" as "an employee who has been employed (i) for at least twelve months by the employer with respect to whom leave is requested ...; and (ii) for at least 1,250 hours of service with such employer during the previous twelve-month period."  Besides alleging that he was employed with UPS, the complaint provides no additional allegations concerning Plaintiff's employment with UPS that would provide a basis to support a finding that Plaintiff is an eligible employee under the FMLA. Plaintiff has recently filed a "supplement" in which he attaches a screenshot from an email message that states he is a previous employee of UPS.  (Doc. 18.)  This supplement provides no support for a finding that Plaintiff is an eligible employee.  Therefore, Plaintiff's allegations do not provide any basis to find that Plaintiff meets the definition of "eligible employee" as defined in 29 U.S.C. § 2611(2).

To the extent Plaintiff is raising a claim under the FMLA, the claim must be dismissed as Plaintiff has failed to allege that he is an eligible employee under the statute.

**IV.     Conclusion**

Defendants' motion to dismiss (Doc. 11) is GRANTED.  Plaintiff's complaint is dismissed without prejudice.  Plaintiff's motion to increase demand (Doc. 17) and Defendants' motion to strike (Doc. 19) are DENIED AS MOOT.

IT IS SO ORDERED.  Dated this 7th day of January, 2022.

_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE