IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PRESTON TAYLOR TIMMONS,

        Plaintiff,

v.                                                                Case No. 21-1243-JWB

UNITED PARCEL SERVICE and
JIM HAUSSERMAN,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to reopen case. (Doc. 23.) The motion has been briefed and is ripe for decision. (Docs. 24, 25.) For the reasons provided herein, Plaintiff's motion is GRANTED.

**I.    Facts and Procedural History**

Plaintiff, who is proceeding pro se in this matter, filed a complaint alleging that United Parcel Service ("UPS") and Defendant Jim Hausserman, Plaintiff's former employer and supervisor, violated his rights under the Americans with Disabilities Act ("ADA") and Title VII of the 1964 Civil Rights Act. (Doc. 1 at 1.) Liberally construed, Plaintiff's complaint also raised a claim under the Family and Medical Leave Act ("FMLA"). The complaint alleged that Plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC) but also indicated that he had not received a Notice of Right-to-Sue letter from the EEOC. (*Id.* at 2.)

Defendants moved to dismiss, arguing that Plaintiff had failed to exhaust administrative remedies as to his claims and, alternatively, that Plaintiff's allegations were insufficient to state a

1

claim. On January 7, 2022, the court granted Defendant's motion. (Doc. 21.) The court dismissed Plaintiff's Title VII and ADA claims for failure to exhaust his administrative remedies. The court also dismissed Plaintiff's claim under the FMLA for failing to state a claim.

Plaintiff now moves to reopen his case on the basis that the EEOC has issued him a right to sue letter. (Docs. 23, 25.) Defendant opposes the motion. (Doc. 24.)

**II.     Analysis**

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of (among other things) the person's sex, color, or national origin. 42 U.S.C. § 2000e-2(a)(1). Before an employee may bring suit on such a claim, the employee must exhaust administrative remedies by filing a timely charge with the EEOC identifying the parties and describing the practices complained of. *Jones v. Needham,* 856 F.3d 1284, 1289 (10th Cir. 2017). The ADA similarly requires exhaustion of administrative remedies. *Jones v. UPS, Inc.,* 502 F. 3d 1176, 1183 (2007). The EEOC is required to give the aggrieved person notice of the disposition of the charge within 180 days of the filing of the charge, and "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge…." 42 U.S.C. §2000e-5(f)(1).

Although courts previously viewed a failure to exhaust as a jurisdictional bar, "[b]oth Supreme Court and Tenth Circuit precedent [now] hold that failing to exhaust administrative remedies under Title VII is not a jurisdictional prerequisite to suit." *Abouelenein v. Ks. City Comm. College,* No. 18-26720-DDC, 2020 WL 1528500, at *7 (D. Kan. Mar. 31, 2020) (citing *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019) and *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018)). A failure to exhaust remedies is an affirmative defense that may be raised under Rule 12(b)(6). *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018).

In this case, the court dismissed Plaintiff's Title VII and ADA claims and notified Plaintiff that he could refile when he received his Right-to-Sue letter. Instead of filing a new case, Plaintiff has moved to reopen his case and submitted his Right-to Sue letter. (Doc. 25.) Defendants oppose the motion arguing that the case is closed and that the motion is improper.[1] Defendants, however, do not cite to authority indicating that a motion to reopen is improper in these circumstances. *Cf., e.g., Atkins v. HCA-HealthONE, LLC*, No. 2015 WL 1298507 (D. Colo. Mar. 19, 2015) (indicating that a Plaintiff could file a motion to reopen for good cause after receiving a right-to-sue letter). Defendants do not assert any prejudice in allowing Plaintiff's case to be reopened. In this case, Plaintiff has already applied for and received in forma pauperis status and Defendants have already been served. (Docs. 3, 4, 6.) Allowing Plaintiff to proceed in this case would promote judicial economy in that these actions would not need to be repeated in a new case. Therefore, the court finds that reopening the case and allowing Plaintiff to proceed on his Title VII and ADA claims are in the interest of judicial economy and would not result in prejudice to Defendants.

### III. Conclusion

Plaintiff's motion to reopen this action is GRANTED. Defendant is to file an answer or dispositive motion on or before May 2, 2022, addressing Plaintiff's Title VII and ADA claims. IT IS SO ORDERED. Dated this 18th day of April, 2022.

                                                                                               s/ John W. Broomes
                                                                                               JOHN W. BROOMES
                                                                                               UNITED STATES DISTRICT JUDGE

---

[1] Defendants also argued that Plaintiff had not received his Right-to Sue letter. (Doc. 24 at 3.) Plaintiff, however, has now submitted his Right-to-Sue letter to the court. (Doc. 25.)