IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PRESTON TAYLOR TIMMONS,

        Plaintiff,

v.                                                    Case No. 21-1243-JWB

UNITED PARCEL SERVICE and
JIM HAUSSERMAN[1],

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion to dismiss and memorandum in support. (Docs. 27, 28.) Plaintiff has failed to respond to the motion and the time for doing so has now passed. For the reasons provided herein, Defendants' motion is GRANTED IN PART AND TAKEN UNDER ADVISEMENT IN PART.

**I.**     **Facts and Procedural History**

Plaintiff, who is proceeding pro se in this matter, filed a complaint alleging that United Postal Service ("UPS") and Jim Hauserman, Plaintiff's former employer and supervisor, violated his rights under the Americans with Disabilities Act ("ADA") and Title VII of the 1964 Civil Rights Act. (Doc. 1 at 1.) Liberally construed, Plaintiff's complaint also raised a claim under the Family and Medical Leave Act ("FMLA"). Plaintiff indicated in his complaint that he filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC) but also indicated that he had not received a Notice of Right-to-Sue letter from the EEOC. (*Id.* at 2.) Defendants moved to dismiss, arguing that Plaintiff's complaint failed to state a claim and that he

---

[1] The correct spelling of Defendant's name is Jim Hauserman. (Doc. 28 at 1.)

did not exhaust his administrative remedies as to his claims under the ADA and Title VII. The court granted Defendants' motion finding that he had failed to state a claim under the FMLA and failed to exhaust his administrative remedies as to his claims under the ADA and Title VII. (Doc. 21.) Judgment was then entered on January 7, 2022. (Doc. 22.)

On February 28, Plaintiff filed a motion to reopen his case after receiving his Right-to Sue letter from the EEOC. (Doc. 23.) The court granted Plaintiff's motion and this case was reopened. Defendants then moved to dismiss Plaintiff's Title VII and ADA claims on the basis that he has failed to state a claim.

**II.    Analysis**

    **A.    Title VII Claim**

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of (among other things) the person's sex, color, race, or national origin. 42 U.S.C. § 2000e-2(a)(1). Plaintiff utilized the form complaint for employment discrimination but included sparse allegations regarding his alleged discrimination. Plaintiff checked the box to indicate that he is bringing a claim under Title VII but his complaint failed to set forth any facts regarding discrimination or retaliation under Title VII. Rather, Plaintiff alleged that the "discrimination occurred after being terminated for attendance due to doctor's notes with excused absences." (Doc. 1 at 2.) Plaintiff has not alleged that he belongs to a protected class or that he was subject to retaliation after engaging protected activity. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192-93 (10th Cir. 2012) (discussing elements of Title VII claims of discrimination and retaliation).

Therefore, Plaintiff has failed to state a claim under Title VII.

B.     ADA Claims

Plaintiff has also indicated by checking the applicable boxes on the form complaint that he is asserting claims of discrimination, failure to accommodate, and retaliation in violation of the ADA. (Doc. 1 at 1, 3.) Defendants move for dismissal on the basis that Plaintiff has failed to state a claim as to all three claims under the ADA. In order to state a plausible discrimination claim under the ADA, Plaintiff must show that (1) he is disabled as that term is defined under the ADA; (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) he was discriminated against because of his disability. *Blakely v. Cessna Aircraft Co.*, 256 F. Supp. 3d 1169, 1173 (D. Kan. 2017). To prove a claim of failure to accommodate, Plaintiff must show the first two elements of the discrimination claim and also that he "requested a plausibly reasonable accommodation." *Lincoln v. BNSF Ry. Co.,* 900 F.3d 1166, 1204 (10th Cir. 2018). To prove a claim of ADA retaliation, Plaintiff must show that "(1) he engaged in a protected activity; (2) he was subjected to an adverse employment action subsequent to or contemporaneous with the protected activity; and (3) there was a causal connection between the protected activity and the adverse employment action." *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1187 (10th Cir. 2016) (quoting *Anderson v. Coors Brewing Co*., 181 F.3d 1171, 1178 (10th Cir. 1999) (internal quotations omitted).

Plaintiff's complaint states that his disability is asthma; however, his allegations regarding his ADA claims are confusing at best. Plaintiff alleges that "the discrimination occurred after being terminated for attendance due to doctors notes with excused absences." (Doc. 1 at 2.) Plaintiff further alleges that he was terminated because he had COVID-19 symptoms, he had a negative test, and the CDC "guidelines state a 14 day mandatory quarantine." (*Id.* at 4.) Plaintiff also attached medical records to his complaint and filed a supplement with an additional 54 pages

3

of medical records. (Doc. 7.) However, the court is unable to determine the significance of the medical records due to the complete lack of allegations surrounding his employment and alleged illnesses. Moreover, his allegations are confusing and contradictory. It is not clear if he was terminated after being ill due to his asthma or terminated because he believed he needed to be in quarantine for 14 days. Plaintiff has also failed to allege that he is a qualified employee who can perform the essential functions of his job. Therefore, Plaintiff has not sufficiently stated a claim of discrimination under the ADA. Further, Plaintiff has not sufficiently stated claims of retaliation or failure to accommodate as he has wholly failed to allege that he engaged in protected activity and/or sought an accommodation for his disability.

Therefore, Plaintiff's ADA claims are subject to dismissal.

### C. Defendant Hauserman

Additionally, Defendants move to dismiss Plaintiff's claims against Hauserman on the basis that he is not Plaintiff's employer. Title VII makes it unlawful for an *employer* to discriminate against an employee on the basis of (among other things) the person's sex, color, race, or national origin. 42 U.S.C. § 2000e-2(a)(1). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees...." *Id.* § 2000e(b). The Tenth Circuit has repeatedly held that supervisors and other individual employees are not personally liable under Title VII or the ADA. *Lewis v. Four B Corp.*, 211 F. App'x 663, 665 (10th Cir. 2005) ("personal capacity suits against individual supervisors are inappropriate under Title VII"); *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999) (applying the same principle in the ADA context). Plaintiff wholly fails to allege that Hauserman is his employer and, as stated herein, individual employees are not personally liable under Title VII or the ADA.

Therefore, Plaintiff's claims against Hauserman are dismissed.

4

### D. Opportunity to Amend Complaint

The court is cognizant of Plaintiff's pro se status and recognizes that courts should give pro se plaintiffs a reasonable opportunity to amend unless the amendment would be futile. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Therefore, the court will allow Plaintiff to file an amended complaint against UPS in order to correct the deficiencies identified herein.

## III. Conclusion

Accordingly, Defendants' motion to dismiss (Doc. 27) is GRANTED IN PART AND TAKEN UNDER ADVISEMENT IN PART. Plaintiff's claims against Hauserman are dismissed for the reasons stated herein. Plaintiff must file an amended complaint against UPS on or before July 8, 2022, to correct the deficiencies identified herein. Should Plaintiff fail to file an amended complaint, this action will be dismissed without further notice for the reasons set forth herein.

IT IS SO ORDERED. Dated this 16th day of June 2022.

      __s/ John W. Broomes__
      JOHN W. BROOMES
      UNITED STATES DISTRICT JUDGE