IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PRESTON TAYLOR TIMMONS,

        Plaintiff,

v.                                                             Case No. 21-1243-JWB

UNITED PARCEL SERVICE and
JIM HAUSSERMAN[1],

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' motion to dismiss and memorandum in support (Docs. 27, 28) and Plaintiff's supplements to his complaint (Docs. 32, 34). For the reasons provided herein, Defendants' motion is GRANTED.

### I.    Facts and Procedural History

Plaintiff, who is proceeding pro se in this matter, filed a complaint alleging that United Parcel Service ("UPS") and Jim Hauserman, Plaintiff's former employer and supervisor, violated his rights under the Americans with Disabilities Act ("ADA") and Title VII of the 1964 Civil Rights Act. (Doc. 1 at 1.) Liberally construed, Plaintiff's complaint also raised a claim under the Family and Medical Leave Act ("FMLA"). Defendants moved to dismiss, arguing that Plaintiff's complaint failed to state a claim and that he did not exhaust his administrative remedies as to his claims under the ADA and Title VII. The court granted Defendants' motion finding that he had failed to state a claim under the FMLA and failed to exhaust his administrative remedies as to his

---

[1] The correct spelling of Defendant's name is Jim Hauserman. (Doc. 28 at 1.)

1

claims under the ADA and Title VII. (Doc. 21.) Judgment was then entered on January 7, 2022. (Doc. 22.)

On February 28, Plaintiff filed a motion to reopen his case after receiving his Right-to Sue letter from the EEOC. (Doc. 23.) The court granted Plaintiff's motion and this case was reopened. (Doc. 26.) Defendants then moved to dismiss Plaintiff's complaint on the basis that he failed to state a claim. (Doc. 27.) On June 16, 2022, this court entered an order finding that Plaintiff had failed to state a claim under both Title VII and the ADA. (Doc. 31.) With respect to his claim under Title VII, the court found that Plaintiff's allegations had failed to allege that he belonged to a protected class or that he was subjected to retaliation after engaging in protected activity. With respect to his claim under the ADA, the court found his allegations were confusing and contradictory and that it was not clear if he was alleging that his termination was due to his disability. Moreover, Plaintiff had failed to allege that he was a qualified employee who could perform the essential functions of his job. Finally, the court dismissed Defendant Hauserman on the grounds that a supervisor is not a proper defendant in a Title VII or ADA claim.

Because of Plaintiff's pro se status, the court took the motion to dismiss with respect to the claims against UPS under advisement and gave notice to Plaintiff that this action would be dismissed without further notice if he failed to file an amended complaint to address the deficiencies identified in the order. (*Id.* at 5.) Plaintiff has now filed two supplements. (Docs. 32, 34.) Plaintiff did not file an amended complaint as directed by the court. Defendant has filed a response and argues that Plaintiff has not sufficiently stated a claim even after considering the information provided by Plaintiff. (Doc. 33.)

**II.    Analysis**

Plaintiff has clearly failed to comply with this court's order as his supplements cannot be construed as an amended complaint. Therefore, on that basis, this action is subject to dismissal. Even considering the supplements as an attempt to amend his allegations, Plaintiff has failed to correct the deficiencies identified by the court. In his first supplement, Plaintiff states that he is "requesting the charges being [sic] changed to [the ADA] instead of FMLA." (Doc. 32.) Plaintiff further states that Defendant UPS failed to rehire him after he "disclosed [he] had asthma and missed work due to this." (*Id.*) Plaintiff's first supplement makes no reference to Title VII or asserts that Plaintiff is a member of a protected class. Plaintiff's second supplement is a copy of his UPS W-2.

The sparse facts set forth in Plaintiff's supplements do not plausibly allege a claim under the ADA or Title VII. Plaintiff's allegations in his complaint coupled with the statements in his first supplement do not sufficiently allege that he is disabled under the ADA or that he is qualified to perform the position with or without reasonable accommodation. *See Blakely v. Cessna Aircraft Co.*, 256 F. Supp. 3d 1169, 1173 (D. Kan. 2017). Plaintiff has also failed to sufficiently allege a claim of retaliation. *See Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1187 (10th Cir. 2016) (stating elements of a retaliation claim).

Plaintiff's complaint and the supplements lack sufficient facts to support a plausible claim under the ADA or Title VII for the reasons stated herein and set forth in this court's prior memorandum and order (Doc. 31).

### III. Conclusion

Defendants' motion to dismiss (Doc. 27) is therefore GRANTED.

IT IS SO ORDERED.  Dated this 23rd day of August 2022.

                                               s/ John W. Broomes  
                                               JOHN W. BROOMES  
                                               UNITED STATES DISTRICT JUDGE